TotteN J.,
delivered the opinion of the court.
The action is debt for four thousand five hundred dollars, alleged to be money had and received by defendant for the plaintiff’s use. The defendant pleaded nil debit. There was judgment for defendant, and plaintiff has appealed in error to this court.
The facts are these: “In October, 1842, the defendant sold to plaintiff a section of land in Marshall county, Miss., for three thousand five hundred dollars, payable in three instalments. At the same time, the plaintiff was admitted into possession of the premises, under the contract, and had so continued ever since, by himself or tenants, so far as appears in the record. He made considerable payments on his contract; the precise amount does not appear. He offered to pay the balance if defendant -would make title to the land. The legal title was not in defendant but in the trustees of a land company, with whom defendant had made an agreement, in writing, for the purchase of said land. He had not, and has not paid the purchase money to said trustees, who, of course, refused to make title; and so defendant was not in condition to make title to the plaintiff, when it was demanded of him, as before stated. The object of *598 the suit is, therefore, to recover from the vendor money paid to him on an agreement for the sale of land, upon the ground that he has failed to execute the agreement, and is unable to execute it, for want of title in himself, or the means of procuring it of the person in whom it is vested.
The rule on this subject, is stated in Clarke vs. Locke, 11 Humph. R., 300. If the vendor, on a proper demand made, refuse, or be unable to execute his contract, the vendee may bring his action thereon for the recovery of damages, thereby affirming the contract; or, at his election, may disaffirm the contract áb iniUo, and sue for money had and received to his use.
In the present case, the vendee has elected to disaf-firm the contract, and to sue for a return of his purchase money. This, it was competent for him to do; and the question is, do the facts in this case amount to a disaffirmance and rescission of the contract ? We are of opinion that they do not.
It is a valid contract in writing, and was in part executed by the vendor; for, he placed the vendee in possession under it. This possession has not been restored, but continued in the vendee at the time this suit was instituted. The vendee pretends to disaffirm and rescind the contract, and yet holds the possession, a benefit, under it. It is in this respect, that the contract is not rescinded; and the action can only be maintained upon its absolute and total rescission. It would be unreasonable and unjust’ to permit a purchaser to retain the possession and use of the thing purchased, and yet to recover back the consideration as for a defect of title. The action for money had and received, is, in its nature, equitable; and it cannot be maintained upon a *599 principle so Unequal and unjust. When a contract is properly rescinded, tbe parties are placed in statu quo; 5 East, 449; 15 Petersd. Ab., 301, note; 2 Phil. Ev., 89; Weston vs. Downs, Doug. 23; Ellett vs. Maynard, 5 T. R., 87; Towers vs. Burrett, 1 Term. R., 133; 6 Blackford’s R., 22; 2 Saund. on Pl. & Ev., 908.
Where, however, the contract is void in itself, no act of rescission is necessary, in order to maintain the action for money had and received upon it. No right or duty can be predicated upon a void contract; it is the same as if it had not been made. Therefore, if a party enter upon land and pay money under a parol contract, for its purchase, he may recover it back, by action for money had and received for his use, without restoring the possession or doing other acts to rescind the contract; for, the contract never had a legal existence, and, of course, no action could be maintained upon it; Walker vs. Constable, 1 B. & P., 306; Beckerman vs. Kuykandol, 6 Blackf. R., 22; Pipkin vs. James, 1 Humph. R., 325.
But here, the contract being in writing, was valid as between the parties, and the possession was retained by the purchaser. In such case, the present form of action cannot be maintained.
Let the judgment be affirmed.